**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **VS.** | ) | **CR No. 06-124-01ML** |
| | ) | |
| **GREGORY M. THOMPSON** | ) | |

---

MEMORANDUM IN SUPPORT OF
MOTION FOR SENTENCE CONSIDERATION
**(REDACTED)**

I. Introduction

Mr. Thompson respectfully submits this memorandum to assist the Court in determining a sentence "sufficient but not greater than necessary" to achieve the statutory purposes of sentencing. 18 U.S.C. § 3553(a) (2005). Additionally, Mr. Thompson submits this memorandum in support of his Motion for Sentencing Consideration advocating for a sentence outside of the suggested guideline range. The Court is required to sentence a defendant below the advisory guideline range if such a sentence is sufficient to achieve the purposes of sentencing. *Id.* Mr Thompson requests that the Court consider imposing a sentence of one hundred twenty (120) months of incarceration along with a period of supervised release. The proposed sentence adequately addresses society's needs of punishment and deterrence.

II. Procedural Background

On October 3, 2006 the State Police and Drug Enforcement Agency executed a search warrant at 315 Shady Valley Road. As a result of that search and the statement of the co defendant, Gregory Thompson was arrested.

A federal grand jury indicted Mr. Thompson on November 1, 2006. On November 6, 2006 he appeared before Magistrate Judge Almond for arraignment and plead not guilty to the four count indictment. Thereafter, on February 13, 2007 Mr. Thompson appeared before the Honorable Mary M. Lisi, Chief U.S. District Judge and plead guilty to the charges against him. Sentencing is scheduled for May 18, 2007.

III. Sentencing Considerations

A. General

In determining the appropriate sentence for a criminal defendant, the Court is bound to consider the sentencing factors set forth in 18 U.S.C. § 3553(a). The statute requires the Court to consider the nature and circumstances of the offense and the history and characteristics of the defendant, the kinds of sentence available, the need to avoid unwarranted sentencing disparity, the need to provide restitution, and the suggested guideline range. 18 U.S.C. § 3553(a)(1), (a)(3)-(7). The primary sentencing mandate of § 3553(a) directs the sentencing court to impose the minimally-sufficient sentence to achieve the statutory purposes of punishment—justice, deterrence, incapacitation, and rehabilitation: "The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in [18 U.S.C. § 3553(a)(2)]." 18 U.S.C. § 3553(a) (emphasis added).[1] This provision, the so called "parsimony provision", is the umbrella under which all other sentencing factors and considerations fall. It represents the ultimate goal of sentencing and reflects the maximum sentence that a court may impose. *United States v. Denardi*, 892 F.2d 269, 276-77 (3rd Cir. 1989) (Becker, J., concurring in part, dissenting in part).

The United States Supreme Court decision in *U.S. v. Booker*, 543 U.S. 220 (2005) rendered the Federal Sentencing Guidelines advisory rather than mandatory. Instead of being bound by the Sentencing Guidelines, *Booker* now "requires a court to consider Guideline ranges, . . . but permits the court to tailor the sentence in light of other statutory concerns as well, see §3553(a)." *Id* at 245-246. Although no longer mandatory, the Federal Sentencing Guidelines are still a factor that the court must consider in making the ultimate determination of the appropriate sentence to impose in any criminal case.

The post *Booker* sentencing process mandated by the first Circuit requires the district

---

The statute provides, in pertinent part, that

"the court consider the need for the sentence imposed-

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
( C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;"

18 U.S.C. § 3553(a)(2) (2005).

court Judge to first consult the guidelines - calculating the appropriate range and to then decide whether or not to exercise discretion and sentence outside of the guideline range, *United States v. Jimenez-Beltre, 440 F.3d 514, 518-519 (1st Cir. 2006); United States v. Thurston, 456 F.3d 211, 215 (1st Cir. 2006).*

The defendant respectfully requests that this Honorable Court impose a sentence below the advisory guideline range.

B. Personal Background

C. Nature of the Offence

One of the factors that the Court must consider in sentencing Mr. Thompson is "the need for the sentence imposed ...to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." The charges in this case are clearly serious and carry up to 20 years in prison.

In this case although Mr. Thompson and his co defendant planned to manufacture methamphetamine, no methamphetamine was created. Mr. Thompson was forthcoming with officers when arrested and immediately accepted responsibility for his actions. He spoke to the officers involved about the phosphorus that was located in his apartment and directed them where to find it.

D. Deterrence and the Need to Provide Education or Vocational Training

The other important factors that the court must consider in determining an appropriate sentence for Mr. Thompson are deterrence of future criminal activity both by this defendant and by others and the need to provide for his educational or vocational training, medical care, or other correctional treatment. 18 U.S.C. §3553. A sentence of ten years in federal prison is severe enough to impress upon Mr. Thompson and others that the charges involved are serious and carry harsh penalties. No additional deterrent effect would be realized by sentencing him to a longer sentence.

IV. The Minimally-Sufficient Sentence

Through *Booker*, 18 U.S.C. § 3553(a)'s parsimony provision imposes a statutory cap on sentences, regardless of what is recommended under the sentencing guidelines: the sentence must be "sufficient, but not greater than necessary" to achieve the purposes of punishment. Mr. Thompson has proposed a sentence of one hundred twenty months in prison which is sufficient to achieve the goals of deterrence, incapacitation, and rehabilitation. That term of incarceration will adequately address both deterrence and incapacitation.

In determining the minimally-sufficient sentence, the Court must ask whether a more severe sentence would achieve greater justice, deterrence, incapacitation, or rehabilitation. The sentencing guidelines combine only two elements when calculating the advisory range: the offense and the defendant's criminal record. That suggested sentencing range does not include any consideration of Mr. Thompson individually as required by § 3553(a)(1) (individual's unique background and characteristics). The Court must not apply the advisory guideline sentence in any kind of general or presumptive manner. The facts and circumstances present here, taken as a whole, warrant a sentence below the advisory range.

V. Conclusion

For all of these reasons, the Court should impose a sentence within of 120 months of incarceration with a period of supervised release and conditions including substance abuse treatment.

Respectfully Submitted
Gregory Thompson,
By and through his counsel

Mary S. McElroy, 4830
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4281
mary_mcelroy@fd.org

## CERTIFICATION

I hereby certify that a copy of this motion was hand-delivered to Mary Rogers, Assistant United States Attorney and Kristin Mattias, USPO on May 14, 2007.