UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

GREGORY M. THOMPSON

v.  CR No. 06 - 124-ML

UNITED STATES OF AMERICA

## MEMORANDUM AND ORDER

Gregory M. Thompson has filed two separate motions to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 in the above proceeding. For the reasons stated below, both motions are denied.

### FACTS AND BACKGROUND

In November 2006 Thompson was charged, along with a co-defendant Roger A. Murray, in a four-count indictment with (1) conspiracy to manufacture methamphetamine, in violation of 21 U.S.C. §§841 and 846 (Count One); (2) possession of equipment and materials, including phosphorus, iodine, and ephedrine, with intent to use those substances in the manufacture of methamphetamine, and aiding and abetting Murray to do the same, in violation of 21 U.S.C. §§843(a)(6) and 843(d)(2), 841(c)(1) and (c)(2) and 18 U.S.C. § 2 (Count Two); (3) possession of iodine, in violation of 21 U.S.C. §§ 841(c)(1) and (c)(2) and 18 U.S.C. § 2 (Count Three); and (4) possession of ephedrine, in violation of 21 U.S.C. §§ 841(c)(1) and (c)(2) (Count Four).

Thompson pled guilty to all counts in February 2007 without any plea agreement. At the change of plea hearing this Court engaged in a full colloquy with Thompson in connection with his plea and, based upon his responses to this Court's questions, determined that his plea was knowing and voluntary. (See Transcript of Change of Plea Hearing conducted on February 13, 2007 ["Plea Tr."] at 5-19.)

The presentence report (PSR) found Thompson to be a career offender in view of his two prior felony drug offenses. Thompson's net offense level was 29 (base level of 32 less 3 levels for acceptance of responsibility) with a Criminal History Category VI, resulting in a guideline range of 151 - 188 months. At his sentencing hearing in May 2007, this Court rejected Thompson's motion for a sentence below the advisory guideline range and sentenced Thompson to 151 months imprisonment on Counts One, Three and Four and to 120 months imprisonment on Count Two, with all terms to be to be served concurrently and followed by three years of supervised release. (See Transcript of Sentencing Hearing conducted on May 18, 2007 ["Sent. Tr."] at 9-13, 16-18.)[1]

Throughout all proceedings in this Court, Thompson was represented by Federal Public Defender Mary S. McElroy.

Thompson appealed and was initially represented by Attorney McElroy. When Attorney McElroy withdrew, Attorney John Ouderkirk was appointed to represent Thompson. Attorney Ouderkirk then moved to withdraw under Anders v. California, 386 U.S. 738 (1967), and filed an Anders brief indicating that based on his review of the record, there were no meritorious grounds for appeal. Thompson was informed of his right to file a *pro se* brief, but no such brief was filed. The only issue identified by Attorney Ouderkirk as possibly deserving consideration was whether Thompson's plea colloquy was sufficient under Rule 11 of the Federal Rules of Criminal Procedure.

The Court of Appeals found that Thompson's plea "was made voluntarily with the understanding of the nature of the charge and the consequences of his plea." United States v. Gregory M. Thompson, Dkt. No. 07-1827, Judgment at 1 (1st Cir. April 2, 2008) (internal quotations omitted). The First Circuit further concluded that based on its own independent review of the entire

---

[1] Co-defendant Murray also pled guilty and was separately sentenced to 84 months imprisonment. See discussion infra at 8-10.

2

record, there were "no other appellate issues 'arguable on their merits (and therefore not frivolous)'" and summarily affirmed his conviction. Id. (quoting Anders, 386 U.S. at 744). Thompson did not seek further review, and his conviction became final on or about July 1, 2008.

Thereafter, Thompson filed the instant motion to vacate (Doc. #56). In his motion he claims: (1) that his trial counsel was ineffective in connection with his plea; (2) that his trial counsel was ineffective by failing to investigate Thompson's criminal history and to object to the presentence report and by failing to file certain motions; and (3) that his appellate counsel provided ineffective assistance by filing an Anders brief and failing to address certain issues on appeal.

After the Government filed its response to the motion (Government's Response to Petitioner's Motion to Vacate, Doc. #59 ["Gov't Response"]), Thompson on September 1, 2009 filed a second motion to vacate under 28 U.S.C. §2255 (Doc. #67), raising claims alleging a disparity in sentencing between his sentence and that of his co-defendant. The Government has not responded to this latter motion. However, upon review of that motion, this Court determines that no further response is necessary and that this matter is ready for decision.[2]

## DISCUSSION

A.  General Principles

Generally, the grounds justifying relief under §2255 are limited. A court may grant such relief only if it finds a lack of jurisdiction, constitutional error or a fundamental error of law. See

---

[2] No hearing is required in connection with any issues raised by his motion to vacate, because, as discussed infra, the files and records of this case conclusively establish that the claims in the motion to vacate are without merit. See David v. United States, 134 F.3d 470, 477 (1st Cir. 1998) (district court properly may forego any hearing "when (1) the motion is inadequate on its face, or (2) the movant's allegations, even if true, do not entitle him to relief, or (3) the movant's allegations need not be accepted as true because they state conclusions instead of facts, contradict the record, or are inherently incredible.") (internal quotations omitted). See also Owens v. United States, 483 F.3d 48 (1st Cir. 2007)(same).

3

United States v. Addonizio, 442 U.S. 178, 185 (1979) ("[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice.") (internal quotes omitted).

Moreover, a motion under § 2255 is not a substitute for a direct appeal. See United States v. Frady, 456 U.S. 152, 165 (1982). A movant is procedurally precluded from obtaining § 2255 review of claims not raised on direct appeal absent a showing of both "cause" for the default and "actual prejudice" -- or, alternatively, that he is "actually innocent" of the offense for which he was convicted. Bousley v. United States, 523 U.S. 614, 622 (1998) (citations omitted). See also Brache v. United States, 165 F.3d 99, 102 (1st Cir. 1999). Claims of ineffective assistance of counsel, however, are not subject to this procedural hurdle. See Knight v. United States, 37 F.3d 769, 774 (1st Cir. 1994).

### Ineffective Assistance Principles

A defendant who claims that he was deprived of his Sixth Amendment right to effective assistance of counsel must demonstrate:

(1) That his counsel's performance fell below an objective standard of reasonableness; and

(2) [A] reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984). See Cofske v. United States, 290 F.3d 437, 441 (1st Cir. 2002).

In assessing the adequacy of counsel's performance, the Court looks to 'prevailing professional norms.' All that is required is a level of performance that falls within generally accepted boundaries of competence and provides reasonable assistance under the circumstances. Ramirez v. United States, 17 F.Supp.2d 63, 66 (D.R.I. 1998) (quoting Scarpa v. Dubois, 38 F.3d 1,

8 (1st Cir. 1994) and citing Strickland, 466 U.S. at 688). To satisfy the prejudice requirement under Strickland, a defendant must show a reasonable probability that, but for counsel's errors, the outcome of trial would have been different. See United States v. Theodore, 468 F.3d 52, 56 (1st Cir. 2006) (citing Strickland, 466 U.S. at 695).

To establish ineffective assistance of appellate counsel, a defendant "must first show that his counsel was objectively unreasonable." Smith v. Robbins, 528 U.S. 259 (2000).

B. Ineffective Assistance - Trial Counsel

As a threshold matter, this Court notes that substantially all of Thompson's claims of ineffective assistance by his trial counsel are stated in conclusory terms and/or lack any developed argument or citation of authority. As such, they are subject to dismissal for this reason alone. See Cody v. United States, 249 F.3d 47, 53, n. 6 (1st Cir.2001) (ineffective assistance claim raised in a perfunctory manner in § 2255 proceeding deemed waived). Cf. United States v. Zannino, 895 F.2d 1, 17 (1st Cir.1990) (arguments not developed on appeal are deemed waived).

Even assuming that the claims warrant individual examination, they fare no better.

1. Ground One Claim

Thomson first claims that his trial counsel "failed to address Rule 11 with [Thompson] in regards to plea agreement and that therefore the District Court could not comply with rule 11 of the [Federal] Rules of Criminal Procedure." (Motion to Vacate, Ground One.) The claim is less than clear. To the extent that Thompson suggests that his counsel failed to negotiate a favorable plea agreement with the Government, he does not describe any plea discussions he had with his counsel or allege that counsel refused to attempt to negotiate on his behalf. Nor does he explain how a plea agreement would have enabled him to obtain a more favorable guideline range or sentence. See Cummings v. Simmons, 506 F.3d 1211, 1228 (10th Cir. 2007)(ineffective assistance claim fails

where petitioner did not identify any facts which counsel could have used to obtain a better plea offer); Helton v. Ryan, 2010 WL 331350 at *13 (D.Ariz. Jan. 26, 2010) (same). Absent such a showing, there can be no finding of deficient performance. See Strickland, 466 U.S. at 689.

To the extent that he claims that this Court somehow did not comply with Rule 11 at his change of plea hearing, this claim was addressed and rejected by the Court of Appeals on direct appeal. See Thompson, No. 07-1827, Judgment at 1 (review of the plea colloquy indicates that defendant's plea "was made voluntarily with the understanding of the nature of the charge and the consequences of his [plea].") Thompson is therefore barred from raising this issue here. See Singleton v. United States, 26 F.3d 233, 240 (1st Cir. 1994) ("issues disposed of in any prior appeal will not be reviewed again by way of a 28 U.S.C. § 2255 motion"), quoting Dirring v. United States, 370 F.2d 862, 864 (1st Cir. 1967); Argencourt v. United States, 78 F.3d 14, 16 n.1 (1st Cir. 1996) (same). Thus, Thompson's first claim fails.

2. Ground Two Claims

Thompson next claims that his trial counsel failed to properly investigate his criminal history prior to his plea, causing him "to be Career Offendered" (i.e., deemed a career offender) at sentencing and failed to file any objections to the PSR. (Motion to Vacate, Ground Two.)³ Again, Thompson provides no indication as to what prior conviction(s) he might have challenged or on what basis. Nor does he dispute his prior convictions as set forth in the PSR or indicate what portion of the PSR his counsel should have challenged. Absent such a showing, his counsel's performance cannot be deemed objectively deficient. In fact, prior to the sentencing hearing Thompson's counsel filed a motion

---

³ Although the Government argues that these claims could have been raised on appeal (Gov't Response at 5-6), ineffective assistance claims are typically not addressed on direct appeal but rather are raised in postconviction proceedings. See e.g. United States v. Mala, 7 F.3d 1058, 1063 (1st Cir.1993) (collecting cases).

6

seeking a below-guidelines sentence and argued the motion at the sentencing hearing. (Sent. Tr. at 3-8.) The fact that the motion was unsuccessful does not mean counsel's performance was deficient. See Myles v. Dahlberg, 937 F.2d 609 (6th Cir. 1991) (Table) ("Just because a lawyer loses on a point does not mean that the lawyer was "ineffective" for constitutional purposes.").

Thompson's remaining two claims pertaining to his trial counsel do not warrant discussion. His reference to his trial counsel's failure to file a motion to suppress items seized in a search (presumably referring to a search of his apartment made with his consent) is devoid of discussion as to why such a motion would have succeeded. Thompson's fleeting reference to counsel's failure to file a motion objecting to "disparity in sentencing" (presumably comparing his sentence with that of his codefendant) fails because, as discussed infra, his direct claims regarding sentence disparity -- to the extent they may be considered -- are in any event without merit. See Tse v. United States, 290 F.3d 462, 465 (1st Cir. 2002) (since petitioner's claims fail on the merits, his related ineffective assistance claims based on counsel's failure to press those claims at trial or on appeal must also fail).

In short, the claims stated in Ground Two of Thompson's motion to vacate likewise fail.

C.  Ineffective Assistance – Appellate Counsel

Thompson alleges that his appellate counsel was ineffective because he filed an Anders brief and failed to address several issues on appeal. These issues included ineffective assistance in connection with Thompson's plea, alleged sentencing errors under United States v. Booker, 543 U.S. 220 (2005), and the lack of any finding as to a specific quantity of methamphetamine.

Once again, these claims fail at the outset. As noted above, the Court of Appeals reviewed the Anders brief and the record in Thompson's case and concluded that, aside from the sufficiency of the plea colloquy, there were "no other appellate issues 'arguable on their merits (and therefore not frivolous).'" Thompson, Dkt. No. 07-1827, Judgment at 1 (quoting Anders 386 U.S. at 744).

7

Second, most of the 'issues' which Thompson claims should have been raised on appeal (Motion to Vacate at p. 5A) are either general statements of law or unsupported conclusory statements of fact which are unsupported by argument or law. None of the proposed issues have merit. The fact that Thompson was found to be a career offender for sentencing purposes does not render his plea unknowing and unintelligent, particularly in view of his Rule 11 colloquy, during which he indicated that he understood the charges against him and what the maximum penalties were for his offenses. (See Plea Tr. at 13-18.)

Moreover, there was no Booker violation, as Thompson's sentence was well within the applicable maximum penalty of 20 years. See 21 U.S.C. §843(d)(2). Nor was there any need to find a discrete quantity of methamphetamine, as Thompson admitted (1) that he possessed in the ingredients to manufacture, or attempt to manufacture, that drug and (2) that he assisted his co-defendant Murray in manufacturing it. (Plea Tr. at 13-18.) See USSG 2D1.1 and PSR, ¶14 (discussing conversion of ingredients to marijuana to calculate drug quantity for sentencing purposes). Cf. United States v. Barnett, 989 F.2d 546, 552 (1st Cir. 1993) (upholding quantity of methamphetamine calculated on basis of amount of ingredients).[4]

Thus, Thompson's ineffective assistance claims as to his appellate counsel are without merit.

D.     Subsequent Motion

After the Government responded to Thompson's initial motion to vacate, Thompson filed what purported to be a second §2255 motion to vacate raising further claims concerning the disparity between his sentence (151 months) and that of his co-defendant Murray (84 months). He contends that because both he and Murray were found to be career offenders with similar guideline ranges,

---

[4] The case cited by Thompson, United States v. Campbell, 372 F.3d 1179 (10th Cir. 2004), involving a gun possession offense and a different sentencing issue, provides no support whatsoever to Thompson on this point.

his own lengthier sentence was unjust. This claim likewise faces fatal procedural and substantive hurdles.      First, the motion on its face constitutes a second or successive motion which requires authorization from the Court of Appeals prior to filing. See 28 U.S.C. § 2255(h). Absent such authorization, this Court has no jurisdiction to entertain the motion. See e.g. Munoz v. United States, 331 F.3d 151, 153 (1st Cir. 2003).

Even if this Court were to liberally construe the second motion as a motion to amend Thompson's initial motion to vacate, it was filed on or about August 26, 2009,[5] more than 13 months after his conviction became final. Thus, the claims therein are untimely unless they relate back to the claims set forth in the original motion to vacate pursuant to Fed. R. Civ. P. 15(c). Given the minimal and ambiguous reference in Thompson's original motion to vacate to trial counsel's failure to file "any Motions of Disparity," it is debatable whether the four disparity-in-sentencing claims asserted in his subsequent filing spring from the same "core of operative facts" as Thompson's original claims so as to relate back to those claims. See Mayle v. Felix, 545 U.S. 644, 659 (2005) (internal quotations omitted). See also United States v. Ciampi, 419 F.3d 20, 24 (1st Cir. 2005) (under Mayle, Rule 15 'relation back' principle is to be strictly construed in habeas context).

Finally, even if those new claims could be considered to have arisen "from the conduct, transaction or occurrence set out – or attempted to be set out -- in [Thompson's original motion to vacate]," Fed. R. Civ. P. 15(c)(1)(B), they are substantively without merit. Thompson has not shown that such error affected his substantial rights or that there is a "reasonable probability that, but for

---

[5] Although the motion was docketed on September 1, 2009, this Court considers the date the motion was signed and mailed rather than the date the motion was received by the Clerk's Office. See Morales-Rivera v. United States, 184 F.3d 109, 110-11 (1st Cir. 1999) ( "mailbox rule" allows federal pro se prisoner's filings to be dated as of the date placed in prison mail system, as pro se prisoner lacks ability to ensure that prison authorities timely forward his materials to clerk of court); Rule 3(d), Rules Governing Section 2255 Proceedings (same).

acknowledged by the Government, had a lesser involvement in the subject offenses and whose circumstances were substantially different from Thompson's so as to justify a lesser sentence. In short, the disparity between Thompson's sentence and Murray's sentence was not so great or baseless as to constitute a fundamental legal error or a miscarriage of justice warranting relief under §2255. Addonizio, 442 U.S. at 185.

This Court has considered Thompson's other claims and finds them to be without merit.

## CONCLUSION

In view of the foregoing considerations,

(1) Thompson's motion to vacate (Doc. #56) is hereby DENIED and DISMISSED; and

(2) the claims asserted in Thompson's subsequent motion to vacate (Doc. #67), however it is characterized, are likewise DENIED and DISMISSED.

## RULING ON CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings in the United States District Courts ("§ 2255 Rules"), this Court hereby finds that this case is not appropriate for the issuance of a certificate of appealability (COA), because Thompson has failed to make a substantial showing of the denial of a constitutional right as to any claim, as required by 28 U.S.C. §2253(c)(2).

Thompson is advised that any motion to reconsider this ruling will not extend the time to file a notice of appeal in this matter. See § 2255 Rule 11(a).

SO ORDERED:                                    ENTER:

_Mary M. Lisi_                                 _Barbara Barletta_
Mary M. Lisi                                   Clerk
Chief United States District Judge

Date: June 10, 2010